MALDONADO, DEMANDANTE Y APELADO, *v.* SALICHS, DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en
un procedimiento de *injunction.*

No. 2942.—Resuelto en diciembre 17, 1923.

*Injunction* PARA RECOBRAR LA POSESIÓN—CAUSA DE ACCIÓN—ENMIENDAS DU-
RANTE EL JUICIO.—Una enmienda concedida durante el juicio a fin de esta-
blecer en la demanda de *injunction* para recobrar la posesión la fecha en
que ocurrió el despojo, en nada varía la cuestión en controversia. La en-
mienda a la demanda durante la celebración del juicio es cuestión que per-
tenece a la sana discreción de la corte y no puede fundarse en ella ningún
error cuando no consta que otra contestación era necesaria por virtud de
dicha enmienda, y que el demandado no fué sorprendido y no solicitó un
término para preparar su contestación a las cuestiones comprendidas en la
enmienda.

ID.—ID.—ALEGACIONES—DEMANDA SUFICIENTE.—No puede concluirse que es am-
bigua, ininteligible o dudosa una demanda para recobrar la posesión por el
hecho de que se imputen al mismo tiempo actos de mera perturbación y actos
de despojo, cuando aquéllos se alegan como actos que precedieron y condu-
jeron al despojo.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres Tous Soto & Pérez Mar-
chand.*

Abogados del apelado: *Sres. López de Tord & Zayas* y
*Pizarro.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del
tribunal.

La demanda tiene por objeto recobrar el demandante la
posesión de una parcela de terreno que alega haber sido

ocupada violentamente por el demandado. Se afirma además que el demandante durante el año anterior a la presentación de la demanda, estaba y actualmente está en la posesión material de una finca de cincuenta cuerdas con excepción de aquella parte de que fué desposeída por el demandado y consistiendo los actos de despojo en que dicho demandado, unos quince días antes de la presentación de la demanda, por medio de un agrimensor y peones a sus órdenes, penetró en la finca del demandante, ocupando veinte cuerdas de la finca, la que dicho demandado ha cercado de alambre e impide al demandante cultivar dicha parcela y recoger sus frutos.

El demandado alegó las excepciones de falta de causa de acción y de ser la demanda ambigua, ininteligible o dudosa, y luego negó sus hechos esenciales.

La demanda fué declarada con lugar, y contra la sentencia se ha interpuesto esta apelación, señalándose por el apelante los siguientes errores:

"1. La Corte de Distrito de Ponce erró al declarar como declaró sin lugar la excepción previa de falta de causa de acción de interdicto.

"2. Dicha corte erró al declarar como declaró asimismo sin lugar la excepción previa de que era ambigua, ininteligible y dudosa la demanda del actor.

"3. La corte erró al permitir, que, no obstante la objeción del demandado, el demandante enmendase sus alegaciones después de pasada la prueba del actor, en tal forma que varió material y sustancialmente el 'issue' y privó al demandado apelante de la oportunidad para negar en tiempo dicha nueva alegación.

"4. La corte erró al estimar que fueron probados actos de despojo justificativos de un interdicto para recobrar en favor del demandante apelado.

"5. La corte también erró al considerar que fueron probados por los mismos hechos actos constitutivos de una perturbación en el goce y disfrute de la propiedad del demandado, proveyendo en consecuencia dos remedios simultáneos sobre alegaciones esencialmente incompatibles, y erró al decretar como decretó un inter-

·dicto para retener en favor del demandante apelado, habiendo de-
·cretado dentro del mismo pleito el interdicto para recobrar.''

El apelante discute el primer error sosteniendo la insufi-
·ciencia de la demanda. Su excepción es un reparo a la ale-
gación cuarta de la demanda, que dice:

''4º. Que el demandante Pedro C. Maldonado Torres, durante
el año anterior a la presentación de esta petición estaba y actual-
mente está en posesión material, como legítimo dueño de la finca
antes descrita en el hecho 3º., con excepción de aquella parte que
se alega haber sido violentamente desposeído más adelante.''

Pero esta alegación fué enmendada en el curso del jui-
cio y la enmienda es como sigue:

''De lo que también estaba en posesión material antes de des-
poseerlo el demandado hará como quince días y que había poseído
con anterioridad por varios años.''

La cuestión para resolver ahora es si el demandante
pudo solicitar y la corte inferior conceder dicha enmienda,
siendo éste el tercer error que señala el apelante soste-
niendo que no se le dió una oportunidad al demandado para
ordenar su defensa en tiempo y forma.

En virtud del poder discrecional que tienen las cortes
para permitir enmiendas, lo que depende según las circuns-
tancias de cada caso, en el presente la corte inferior ejer-
citó bien esa facultad, toda vez que la enmienda en nada
variaba la cuestión en controversia. Asimismo carece de
fuerza la argumentación del apelante de que la enmienda
fué propuesta y aceptada en momentos en que el deman-
dado no tenía tiempo material para controvertir una ale-
gación hasta entonces desconocida. Si el demandado creyó
que la enmienda constituía una sorpresa, él tuvo el derecho
de pedir a la corte inferior que se le concediera tiempo
para preparar una contestación a la enmienda.

''La enmienda a la demanda durante la celebración del juicio
es cuestión que pertenece a la sana discreción de la corte y no

puede fundarse en ella ningún error cuando no consta que otra contestación era necesaria por virtud de dicha enmienda, y que el demandado no fué sorprendido y no solicitó un término para preparar su contestación a las cuestiones comprendidas en la enmienda.'' 3 Estee's Pleadings, 112.

No cometido este error y haciendo la enmienda suficiente la demanda, *ipso facto* carece de fundamento el primer error.

Asimismo no existe el segundo error de que la demanda es ambigua, ininteligible, y dudosa. Se alega como motivo de este error, que en la demanda se afirman al mismo tiempo actos de despojo y actos de mera perturbación y deduce el apelante que ambas alegaciones son incompatibles. No encontramos tal incompatibilidad en la forma alegada en la demanda. Los actos de perturbación son alegados como actos que han precedido y conducido al despojo del demandante. Naturalmente que si solamente hubieran existido actos de mera perturbación, nada más podría alegarse, pero tratándose del despojo es diferente, pues éste no es otra cosa que la representación de los hechos consumados o la culminación de los actos de mera perturbación. Además, no podemos tomar aisladamente las alegaciones de una demanda; ellas forman un todo y deben relacionarse y armonizarse las unas con las otras. La alegación que exponen los actos del agrimensor y peones bajo el control e instrucciones del demandado deben, según el apelante, interpretarse como actos de mera perturbación y no pueden tomarse separadamente de las demás alegaciones. Dicha alegación había que relacionarla con los demás actos del demandado de cercar con alambre la parte ocupada y de impedir que el demandante entrara en dicha parcela de veinte cuerdas.

Los demás errores se refieren a la apreciación de la prueba. Esta fué contradictoria y el conflicto fué resuelto por el juez inferior en favor del demandante y no encon-

tramos que se haya cometido error manifiesto en su apreciación ni que se aleguen motivos de parcialidad, prejuicio o pasión por parte del juez sentenciador.

La sentencia debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.